**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| AVEDRO, INC., GIL KLIMAN, DONALD J. ZURBAY, JONATHAN SILVERSTEIN, HONGBO LU, GARHENG KONG, THOMAS W. BURNS, REZA ZADNO, ROBERT J. PALMISANO, GLAUKOS CORPORATION, and ATLANTIC MERGER SUB, INC., ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff John Thompson ("Plaintiff"), by his undersigned attorneys, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Avedro, Inc. ("Avedro" or the "Company") and the members of Avedro's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Avedro will be acquired by Glaukos Corporation ("Glaukos") and Glaukos' wholly owned subsidiary, Atlantic Merger Sub, Inc ("Merger Sub") (the "Proposed Transaction").

2. On August 7, 2019, Avedro's Board of Directors (the "Board" or "Individual

Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Glaukos.  Pursuant to the terms of the Merger Agreement, Avedro's stockholders will receive a fixed exchange ratio of 0.365 shares of Glaukos common stock for each share of Avedro common stock they own (the "Merger Consideration"). Base on Glaukos stock's August 6, 2019 closing price, the Merger Consideration is valued at approximately $27.86 per share.  Upon completion of the Proposed Transaction, Glaukos shareholders will own approximately 85% of the combined company, and Avedro stockholders will own approximately 15%.

3. On September 17, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

## **JURISDICTION AND VENUE**

4. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

5. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

7. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Avedro common stock.

8. Defendant Avedro is a Delaware corporation and maintains its principal executive offices at 201 Jones Road, Waltham, Massachusetts 02451. The Company is a leading hybrid ophthalmic pharmaceutical and medical technology company focused on treating corneal disease and disorders and improving vision to reduce dependency on eyeglasses or contact lens. Avedro's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "AVDR."

9. Defendant Gil Kliman ("Kliman") has been a director of the Company since November 2015. Kliman is also a member of the Glaukos board of directors.

10. Defendant Donald J. Zurbay ("Zurbay") has been a director of the Company since September 2017.

11. Defendant Jonathan Silverstein ("Silverstein") has been a director of the Company since November 2015.

12. Defendant Hongbo Lu ("Lu") has been a director of the Company since May 2018.

13. Defendant Garheng Kong ("Kong") has been a director of the Company since 2018.

14. Defendant Thomas W. Burns ("Burns") has been a director of the Company since July 2018. Burns is also a member of the Glaukos board of directors.

15. Defendant Reza Zadno ("Zadno" has been President, Chief Executive Officer, and a director of the Company since September 2016.

16. Defendant Robert J. Palmisano has been a director of the Company since January 2019.

17. The defendants identified in paragraphs 9 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware corporation with its principal executive office located at 229 Avenida Fabricante, San Clemente, California 92672. Parent is an ophthalmic medical technology and pharmaceutical company focused on the development and commercialization of novel therapies designed to treat glaucoma, corneal disorders and retinal diseases. Glaukos' common stock trades on the New York Stock Exchange under the ticker symbol "GKOS." Parent is a party to the Merger Agreement.

19. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Avedro (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of August 5, 2019, there were approximately 17,135,084 shares of Avedro common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately

4

protect the interests of the Class.

25.  The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.  Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27.  Avedro is an ophthalmic pharmaceutical and medical device company that develops and commercializes products to treat ophthalmic disorders and conditions, primarily associated with corneal weakness. The Company's Avedro Corneal Remodeling platform comprises KXL and Mosaic systems, which deliver ultraviolet A or UVA light, and a suite of single-use riboflavin drug formulations.

28.  The Company's KXL system in combination with its Photrexa drug formulations, which it launched in the United States in September 2016, is the first and only minimally invasive product offering approved by the U.S. Food and Drug Administration ("FDA"), indicated for the treatment of progressive keratoconus and corneal ectasia following refractive surgery. Additionally, the FDA granted Avedro orphan drug designations and it has orphan drug exclusivity until 2023 that covers its Photrexa formulations used with its KXL system for its approved indications. Avedro's Mosaic system is capable of performing vision correction procedures and treating corneal ectatic disorders.

29. Avedro has obtained a Conformité Européene ("CE") mark for its Mosaic system, which allows it to be marketed throughout the European Union. Avedro plans to seek FDA approval for its Mosaic system and its associated drug formulations for the treatment of presbyopia as an initial targeted indication.

2. Avedro sells its products primarily to ophthalmologists, hospitals, and ambulatory surgery centers through a direct sales force in the United States, as well as through medical device distributors internationally.

3. Avedro completed its initial public offering ("IPO") in February 2019. On May 9, 2019, Avedro announced its first quarter 2019 financial results. The Company reported revenue of $8.8 million, a 70% increase over the first quarter of 2018. Avedro's gross margin was 74.0% for the first quarter of 2019, as compared to 49.2% in the first quarter of 2018. Defendant Zadno commented on the results, stating:

> We are pleased with our first quarter performance which reflects strong customer adoption of our sight-preserving cross-linking technology, revenue growth and a solid increase in gross margin. With the recent implementation of the product-specific J Code for our Photrexa formulations, customers are now experiencing fewer drug-related reimbursement inquiries from the payors . . . . Through investments in our commercial and reimbursement teams and pipeline of next-generation products, we are well positioned to drive meaningful top-line growth and continued margin expansion throughout 2019 and beyond.

*The Proposed Transaction*

30. On August 7, 2019, Avedro's Board caused the Company to enter into the Merger Agreement with Glaukos.

31. Pursuant to the terms of the Merger Agreement, Avedro's stockholders will receive 0.365 shares of Glaukos common stock for each share of Avedro common stock they own.

32. According to the joint press release issued by Avedro and Glaukos announcing the Proposed Transaction:

SAN CLEMENTE, Calif.--Aug. 7, 2019-- Glaukos Corporation (NYSE: GKOS), an ophthalmic medical technology and pharmaceutical company focused on novel therapies for the treatment of glaucoma, corneal disorders and retinal diseases, and Avedro, Inc. (Nasdaq: AVDR), a leading hybrid ophthalmic pharmaceutical and medical technology company focused on treating corneal disease and disorders, today announced that the companies have entered into a definitive merger agreement under which Glaukos will acquire Avedro in an all-stock transaction. The transaction, which is subject to Avedro stockholder approval along with other customary closing conditions and regulatory approvals, has been approved by the board of directors of both companies and is expected to be completed in the fourth quarter of 2019.

The acquisition combines two complementary, hybrid ophthalmic pharmaceutical and device organizations and establishes the cornerstone for Glaukos' new corneal health franchise, providing synergistic avenues for potential long-term growth in large, underserved markets. Glaukos plans to leverage its proven market-building expertise, global commercial scale and extensive clinical and regulatory infrastructure to maximize Avedro's disruptive bio-activated pharmaceuticals and pipeline. The transaction also expands Glaukos' R&D capabilities and is expected to strengthen multiple corneal health and vision correction development initiatives now underway across both organizations.

"Avedro is an ideal fit for Glaukos' core strengths in creating and disrupting ophthalmic markets with novel therapies that address important unmet clinical needs of practitioners and patients," said Thomas Burns, Glaukos president and chief executive officer. "Avedro has in place many of the same strategic attributes Glaukos used to pioneer MIGS, including proprietary paradigm-changing solutions, extensive clinical validation, broad reimbursement and first-to-market status. Our combined organizations can possess the essential expertise, scale and reach to maximize these opportunities, drive further commercialization of Avedro's bio-activated pharmaceuticals and establish another synergistic and durable Glaukos franchise to fuel potential near- and long-term growth and shareholder value."

Avedro's platform uses its proprietary, bio-activated, single-use Photrexa® drug formulations to strengthen corneal tissue and halt progression of keratoconus, a degenerative corneal ectatic disease that affects approximately 1.1 million eyes in the United States. Typically diagnosed in a patient's teenage years, keratoconus is characterized by progressive thinning and weakening of the cornea, resulting in vision loss. Approximately 90% of cases are bilateral and as many as 20% of patients ultimately require a corneal transplant. Conventional treatments address symptoms but the Avedro platform is the first and only FDA-approved therapy that can stop disease progression. Avedro estimates the total U.S. opportunity for its keratoconus therapy to be approximately $3 billion.

Avedro has also developed a pipeline of novel single application bio-activated topical ophthalmic pharmaceuticals for common refractive conditions, including

presbyopia, low myopia and post-cataract refractive error, which are estimated to have a combined U.S. addressable opportunity of approximately $23 billion.

"Avedro is extremely pleased with the potential to become part of Glaukos, a highly-respected ophthalmic organization with a successful track record forging new markets with disruptive technologies like our keratoconus pharmaceutical therapies," said Reza Zadno, Avedro president and chief executive officer.

"Glaukos already has deep customer relationships with the majority of our target accounts, and a large, seasoned field organization that can unite with our team to accelerate awareness, adoption and utilization of our novel platform. In addition, Glaukos will bring its extensive clinical and regulatory resources to bear to help advance our promising pipeline therapies. I believe this transaction can benefit customers, employees and patients, while creating value for shareholders through ownership in a combined company with the expertise, scale and resources to drive meaningful future growth."

Key strategic and financial benefits of the transaction include:

- **Avedro fits perfectly with Glaukos' commercial organization**: Roughly 700 of Avedro target accounts are comprehensive ophthalmic practices where Glaukos maintains deep relationships. In addition, the Avedro platform can benefit from a 5-fold increase in the size of its current 17-person U.S. field sales organization.
- **Avedro can accelerate Glaukos' growth trajectory:** Avedro generated 66% year-**over**-year revenue growth in the first half of 2019. Once combined, the addition of Avedro's fast-growing product portfolio is expected to generate revenue growth acceleration for Glaukos beginning in 2020 and potential revenue synergies beginning in 2021.
- **Furthers Glaukos' hybrid strategy:** Avedro and Glaukos have similar and complementary hybrid pharmaceutical and device profiles that can combine to create a unique set of R&D, clinical, regulatory and commercial capabilities with the potential to enhance organizational success.
- **Enhances organic pipeline initiatives and R&D teams:** The combined R&D and clinical organization can provide Glaukos with scale and a unique blend of integrated expertise across ophthalmic pharmaceuticals, drug delivery, micro-scale engineering, and hardware and software development.In addition, an expanded pipeline can provide new opportunities to extend leadership positions in high-growth ophthalmic markets.
- **Provides attractive financial benefits and potential shareholder value creation:** In addition to the potential for accelerated revenue growth, Glaukos anticipates achieving annualized cost savings in excess of $15 million by 2021, primarily through reduced public company and administrative costs. As such, the company expects the transaction to be accretive to operating results and cash flow by 2021.

**Transaction Terms and Approvals**

Under the terms of the merger agreement, for each share of Avedro common stock they own, Avedro shareholders will receive an exchange ratio equivalent of 0.365 shares of Glaukos stock.

Based on the parties' volume weighted average prices ("VWAPs") for the last 60 trading days prior to August 6, 2019, the transaction represents a 42% premium for Avedro shareholders. Upon closing, Glaukos shareholders are expected to own approximately 85% of the combined company, with Avedro shareholders expected to own the remaining 15%.

The transaction is subject to customary closing conditions and regulatory approvals, including approval of the merger by stockholders of Avedro. Certain shareholders of Avedro, including OrbiMed, HealthQuest and LAV Agile, which collectively own approximately 41% of the outstanding shares of Avedro common stock, have entered into voting agreements to vote in favor of the transaction.

*The Registration Statement Omits Material Information*

33. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34. Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Avedro's, Glaukos', and the combined company's financial projections; (ii) the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Guggenheim Securities, LLC ("Guggenheim"); (iii) the inputs and assumptions underlying the financial valuation analyses that support the fairness opinion provided by Guggenheim; and (iv) Guggenheim's and Company insiders' potential conflicts of interest.

35. First, the Registration Statement omits material information regarding the Company's, Glaukos', and the combined company's financial projections.

36. The Registration Statement describes Guggenheim's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Guggenheim's fairness opinion and analyses fails to include key inputs and assumptions

underlying these analyses. Without this information, as described below, Avedro's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Guggenheim's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

37. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) for each set of projections, all line items used to calculate EBIT and NOPAT; (ii) the Avedro Probability of Success Adjusted Pipeline Projections and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

38. With respect to Glaukos' financial projections, the Registration Statement fails to disclose: (i) for each set of projections, all line items used to calculate EBIT and NOPAT; (ii) the Glaukos Probability of Success Adjusted Base Projections Prepared by Avedro Management and all underlying line items; (iii) the Glaukos Probability of Success Adjusted Pipeline Projections Prepared by Avedro Management and all underlying line items; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

39. With respect to the combined company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate NOPAT and unlevered free cash flow; (ii) EBIT and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

40. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

41. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed

Transaction, Guggenheim Securities, LLC ("Guggenheim").

42. With respect to *Guggenheim's Avedro Discounted Cash Flow Analyses*, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; (ii) the individual inputs and assumptions underlying the discount rate range of 12.25%-14.75% and the perpetual growth rate range of 2.0%-3.0%; and (iii) the Avedro Base Business UFCF for year 2030 and the Avedro Probability of Success Adjusted Pipeline UFCF's, including year 2034, utilized by Guggenheim in the analysis.

43. With respect to *Guggenheim's Glaukos Discounted Cash Flow Analyses*, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; (ii) the individual inputs and assumptions underlying the discount rate range of 9.75%-12.25% and the perpetual growth rate range of 2.0%-3.0%; and (iii) the Glaukos Probability of Success Adjusted Base Business UFCF's, including for year 2035, utilized by Guggenheim in the analysis.

44. With respect to *Guggenheim's PF Synergized Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rate range of 9.75-12.25% and the perpetual growth rate of 2.5%.

45. With respect to *Guggenheim's Avedro's and Glaukos' Wall Street Equity Research Analyst Stock Price Targets* analyses, the Registration Statement fails to disclose the individual price targets observed by Guggenheim in the analyses and the sources thereof.

46. With respect to *Guggenheim's Precedent One-Day Stock Price Premiums* analysis, the Registration Statement fails to disclose the individual premiums for the transactions observed by Guggenheim in the analysis.

47. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and

range of ultimate values generated by those analyses must also be fairly disclosed.

48. Without such undisclosed information, Avedro stockholders cannot evaluate for themselves whether the financial analyses performed by Guggenheim were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction. In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which Guggenheim's opinion and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction.

49. Third, the Registration Statement omits material information regarding potential conflicts of interest of Guggenheim.

50. The Registration Statement fails to disclose the fees Guggenheim received from Avedro for acting as underwriter and co-manager in connection with Avedro's IPO, as well as any other services Guggenheim performed for Avedro and the compensation received in connection with such services. The Registration Statement further fails to identify when in the past two years Guggenheim received certain confidential information from Glaukos and presented financial analyses to the Glaukos board.

51. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

52. The Registration Statement also omits material information concerning Company insiders' potential conflicts of interest.

53. The Registration statement fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Glaukos and Avedro's executive officers, including who participated in all such communications, when they occurred

12

and their content. The Registration Statement further fails to disclose whether any of Glaukos' prior proposals or indications of interest mentioned management retention with the combined company.

54. Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

55. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Avedro Board Recommendation and Its Reasons for the Merger; (iii) Opinion of Financial Advisor to Avedro; (iv) Interests of Certain Persons in the Merger; and (v) Certain Information Provided by the Parties.

56. The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Avedro stockholders will be unable to make an informed decision whether to vote in favor of the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein

57. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and SEC Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Avedro**

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. During the relevant period, the Individual Defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder. Avedro is liable as the issuer of these statements.

60. By virtue of their positions within the Company, the Individual Defendants were aware of this information and of their duty to disclose this information in the Registration Statement. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. It misrepresented and/or omitted material facts, including material information about the financial projections utilized by the Company's financial advisor in connection with its financial analyses, the financial analyses performed by the Company's financial advisor, and potential conflicts of interest faced by Company insiders and the Company's financial advisor. The defendants were at least negligent in filing the Reigstration Statement with these materially false and misleading statements.

61. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

62. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

63. By reason of the foregoing, the Individual Defendants have violated Section 14(a) of the 1934 Act and SEC Rule 14a-9(a) promulgated thereunder.

64. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Glaukos

65. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

66. The Individual Defendants and Glaukos acted as controlling persons of Avedro within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Avedro and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

67. Each of the Individual Defendants and Glaukos was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

68. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

69. Glaukos also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

70. By virtue of the foregoing, the Individual Defendants and Glaukos violated Section 20(a) of the 1934 Act.

71. As set forth above, the Individual Defendants and Glaukos had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and SEC Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

72. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Avedro stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that

does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as SEC Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 31, 2019      **RIGRODSKY & LONG, P.A.**

    By: */s/ Brian D. Long*

**OF COUNSEL:**      Brian D. Long (#4347)
    Gina M. Serra (#5387)
**ROWLEY LAW PLLC**      300 Delaware Avenue, Suite 1220
Shane T. Rowley      Wilmington, DE 19801
Danielle Rowland Lindahl      Telephone: (302) 295-5310
50 Main Street, Suite 1000      Facsimile: (302) 654-7530
White Plains, NY 10606      Email: bdl@rl-legal.com
Telephone: (914) 400-1920      Email: gms@rl-legal.com
Facsimile: (914) 301-3514

    *Attorneys for Plaintiff*